## HEDLAND v CARLSON et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 23, 1931

McKain & Ohl, Youngstown, for the plaintiff.

W. O. R. Johnson and W. G. Dornan, Youngstown, for the defendants.

POLLOCK, J.

It was submitted upon an agreed statement of facts. The National Acceptance Company also alleged that these parties were partners and ask on that ground that on the partnership porperty it be paid first out of the partnership property. The only question in this case is the question arising out of that fact, whether the partnership creditor was entitled to be paid out of the partnership credits or property prior to the individual creditors.

The legal provision as to when partnership credits are entitled to be paid out of the partnership property in preference or before individual creditors of any one partner are paid, is very well determined in this state. In **Miller v Estill, 5 Oh St 508,** this question is discussed and disposed of in this state. The second proposition of the syllabus reads as follows:

"When the primary right of partners to apply to the partnership property in extinguishment of the partnership debts is gone, the right of the partnership creditors to enforce the application of the property of the firm to the payment of their debts is also extinguished."

In the opinion, on page 516, we find this proposition:

"Partnership property is primarily liable to pay partnership debts; and the surplus, if any, belongs to the partners. This primary liability arises from the equity of the partners who have a lien upon the partnership property, which they may enforce to pay the partnership debts in preference to the creditors of the individual partners. The creditors of the partnership, however, have no such lien, and it is only through the right of the partners to have the joint property thus applied to pay joint debts, that the creditors of the firm can invoke the application of the rule that the partnership shall be primarily liable. When, therefore, the right of the partners themselves to apply the partnership property in extinguishment of the partnership debts is gone, the right of the partnership creditors thus to apply it is also divested.".

This proposition was again affirmed by the Supreme Court, and at least a part of

what we have read was quoted in **Sigler & Richey vs Knox County Bank, 8 Oh St 516.** A somewhat similar question was before the Supreme Court in **Morley v Flanagan, 38 Oh St 401.** In that case it was a question where one partner had sold partnership property to the other partners, whether the partner having purchased the property was entitled to a homestead or in lieu of a homestead, out of the property that had been partnership property before. The Supreme Court held that he should. The same question is discussed and the same holding in **20 R. C. L., 1033, §276,** and also in **47 C. J., 927, §429.** So that we have not much trouble about the law. The only question in this case is about the facts.

It is said that a few days after the petition was filed, which was probably on March 11, 1931, these partners dissolved, and this Acceptance Corporation, which is the one claiming the partnership property should be applied first to the payment of the partnership debts, did not file its cross petition until after the dissolution of the partnership. In fact, it did not declare the balance of the claim due until on the filing of the cross petition, and that was not filed until March 26th, 1931. In the finding of fact it is said:

"The Acceptance Company at that time had not elected to declare the entire obligation due, and not having so elected, the entire obligations were not then due, the Acceptance Company did elect to declare the entire obligations due, but such election was not made until after the filing of this suit, and not until after a partnership relation existing between Carlson and Johnson had by agreement of the parties been dissolved."

That is, as I have said, the finding of fact, or agreed statement of facts, so that either under the cross petition filed, or agreed statement of facts, we find that the party to this suit, the National Acceptance Company did not assert its claim as partnership property until after there had been dissolution of the partnership existing between the two partners, and the partnership creditor under the law does not have a lien on partnership property except by reason of the partner lien. It stood at the time as individual creditor of these parties. Under that rule there is not any question but what this plaintiff had served notice on Carlson prior to that time, and it therefore had a preferred lien over that of the National Acceptance Company on whatever interest Carlson had in this partnership property after the dissolution. There

seems to be another claim of $70.00 which Carlson individually had. This also goes to plaintiff.

The judgment in this case is in favor of the plaintiff. Of course the Acceptance Company has the other half of the partnership property, which belongs to Johnson.

ROBERTS and FARR, JJ, concur.